## Richmond

### TIDEWATER-RAYMOND-KIEWIT v. CITY OF HAMPTON.

September 5, 1975.

Record No. 740820.

Present, All the Justices.

*Waller H. Horsley* (*William L. S. Rowe; Hunton, Williams, Gay & Gibson*, on brief), for plaintiff in error.

*Fred F. Peet, Assistant City Attorney* (*A. Paul Burton, City Attorney*, on brief), for defendant in error.

HARMAN, J., delivered the opinion of the court.

This is an appeal from a final order of the trial court denying the application of Tidewater-Raymond-Kiewit (T-R-K) under Code § 58-1145 for relief from the assessment of a general contractor's license tax for 1972 and for a refund of the tax which T-R-K had paid under protest.

The facts are not in dispute. T-R-K is a joint venture organized in October, 1971, to bid upon and, if its bid were successful, to perform the contract to be awarded by the Virginia Department of Highways for the construction in the City of Hampton (City) of part of a bridge-tunnel complex crossing Hampton Roads. T-R-K's bid of $47,610,000 was accepted and, on November 12, 1971, it was awarded the contract. T-R-K began to perform the contract in 1971 and continued its work until completion of the project in 1974. In

December, 1971, T-R-K paid a contractor's license tax for 1971 of $71,450 assessed by the City. The tax was based upon the full contract price agreed upon between T-R-K and the Virginia Department of Highways.

Although the express terms of the joint venture agreement restricted T-R-K to the performance of the bridge-tunnel contract alone, in January, 1972, T-R-K was again assessed by the City with a contractor's license tax of $71,450 for the year 1972. The tax imposed by this assessment, based upon the full agreed price under the bridge-tunnel contract, was paid under protest.

After hearing the case upon stipulations and upon the *ore tenus* testimony of the Commissioner of the Revenue and a representative of the joint venture, the trial court found, and the uncontradicted evidence shows, that T-R-K- did not enter into or accept any contracts or orders for work during the year 1972.

The narrow issue for decision here is whether the trial court erred in holding that the 1972 license tax assessment against T-R-K was authorized by § 22-16 of the Hampton City Code (City Code).

The ordinance imposing the tax in question is § 22-54 of the City Code which imposes a license tax upon general contractors *i.e.*, "[e]very person who accepts . . . orders or contracts for doing work" in specified types of construction. The tax is based and computed upon the "gross orders and contracts" made and accepted by the general contractor.

The trial court found, and the City here contends, that the City can validly impose the license tax for 1972 upon T-R-K under § 22-16 of the City Code which provides:

"The license tax of any person who was licensed at a definite place of business for only a part of the next preceding license year shall be computed for the then current license year on the basis of an estimate of the amount of gross receipts, gross sales or gross purchases which the licensee will make throughout the then current license year; provided, however, that any contractor, commission merchant or wholesale merchandise broker shall be licensed on the basis of gross contracts or orders or gross commissions of the next preceding license year or any parts thereof."

The license tax under consideration is not imposed upon the performance of work or when that work is performed. The business or activity required to be licensed is the acceptance of "orders or con-

tracts for doing work" during the license year. Since T-R-K was not engaged in the acceptance of "orders or contracts for doing work" during 1972, no license was required and the assessment cannot stand.

We, therefore, reverse and will enter a decree here requiring the City Treasurer to refund to T-R-K the sum of $71,450, the amount heretofore paid by it under the erroneous assessment.

*Reversed and final decree.*